UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BRIAN AUSTIN                                                                                    PLAINTIFF
ADC #167150

v.                              No. 5:19CV00120-DPM-JTR

DARRELL GOLDEN, Warden; and
LINDA DYKES, Deputy Warden,
Delta Regional Unit, ADC                                                              DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States Chief District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation.

If you do not file objections, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Plaintiff Brian Austin ("Austin") is a prisoner at the Delta Regional Unit ("DRU") of the Arkansas Department of Correction. He has filed a *pro se* § 1983 Complaint and Amended Complaint alleging that Defendants Warden Darrell

Golden ("Golden") and Deputy Warden Linda Dykes ("Dykes") violated his constitutional rights. *Docs. 2 & 5*.[1] Before Austin may proceed with this case, the Court must screen his allegations.[2]

## II. Discussion

According to Austin's Complaint, on March 13, 2019, he was walking down a hall in the DRU when he slipped on the wet floor, falling and injuring his lower back. Austin alleges there was no "wet mop sign." Despite writing to "the warden" (presumably Warden Golden) about "the issue," Austin asserts that he has received no response. He made no factual or legal allegations about Dykes. Austin seeks only monetary damages from Golden and Dykes, but he has asserted his claims against them in both their official and individual capacities. *Doc. 2 at 2 & 4-5*.

On April 23, 2019, the Court entered an Order requiring Austin to file an Amended Complaint that clarified: (1) what *constitutional* right he believes

---

[1]The Court has read Austin's *pro se* Complaint and Amended Complaint, together, as constituting his claims. *See Kiir v. N.D. Pub. Health,* 651 Fed. Appx. 567, 568 (8th Cir. 2016) (amendment "intended to supplement, rather than to supplant, the original complaint," should be read together with original complaint); *Cooper v. Schriro,* 189 F.3d 781, 783 (8th Cir. 1999) (*pro se* pleadings must be liberally construed).

[2]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

Defendants violated; (2) how Golden and Dykes *each personally participated* in violating his constitutional rights; (3) *why* he believes Golden and Dykes are responsible for the conditions that caused him to slip and fall; and (4) *why* he named Golden and Dykes in both their official and individual capacities. *Doc. 4 at 2.*

In his Amended Complaint, Austin adds no facts or law to support his claims against Defendants. *Doc. 5 at 4-5.* He does, however, eliminate Dykes as a Defendant, and he sues Golden only in his individual capacity. *Id. at 2.*

### A.  Defendant Dykes

Because Austin has abandoned his claims against Dykes, she should be dismissed, without prejudice, as a party to this action.

### B.  Defendant Golden

Because the Amended Complaint names Golden only in his individual capacity and seeks only monetary damages, Austin's official-capacity claim against him should also be dismissed.

To plead a viable Eighth Amendment claim against Golden, in his individual capacity, Austin must allege facts demonstrating that: (1) objectively, there was a "substantial risk of serious harm" to his health or safety; and (2) subjectively, Golden was "deliberately indifferent" to that risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An official is "deliberately indifferent" only when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be

3

aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Negligence, even gross negligence, is insufficient to establish liability under the Eighth Amendment. *Id.* at 835; *Patterson v. Kelley,* 902 F.3d 845, 852 (8th Cir. 2018). An "official's failure to alleviate a significant risk that he should have perceived but did not ... cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838. Similarly, "[t]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328, 332-33 (1986) (also holding that the protections of the Due Process Clause are not "triggered by lack of due care by prison officials" or "merely because the defendant is a state official").

This well-established case law has led courts to consistently reject prisoners' constitutional claims arising from "slip and fall" accidents. *See, e.g., id.* at 328 (inmate who slipped on a pillow negligently left on jail stairs by a corrections officer was not "deprived … of his liberty interest in freedom from bodily injury"); *Thornton v. Phillips County,* 240 F.3d 728, 729 (8th Cir. 2001) (affirming the preservice dismissal of a prisoner's § 1983 claim that he tripped and fell because his jail jumpsuit was too long, as alleging "no more than negligence"); *Walker v. Reed*, 104 F.3d 156, 157-58 (8th Cir. 1997) (dismissing as frivolous a prisoner's slip and

4

fall claim that was based on negligence, and not a constitutional violation); *see also Coleman v. Sweetin,* 745 F.3d 756, 764 (5th Cir. 2014) (holding that "prisoner slip-and-fall claims almost never serve as the predicate for constitutional violations as a matter of law," and "the existence of slippery conditions in any populous environment represents at most ordinary negligence rather than a condition so threatening as to implicate constitutional standards"); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) ("Simply put, "[a] 'slip and fall,' without more, does not amount to cruel and unusual punishment.... Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles.").

Nothing in Austin's Complaint or Amended Complaint suggests that Golden was aware of, and deliberately disregarded, a substantial risk of harm to Austin's safety. More importantly, Austin's allegations, at most, suggest that unspecified prison officials may have been negligent when they allowed Austin to walk across a wet floor. Because negligence does not rise to the level of a constitutional violation, Austin has failed to state a viable § 1983 claim for relief.

Accordingly, the Court recommends that Austin's claims against Defendant Golden be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Austin's Complaint and Amended Complaint (*Docs. 2 & 5*) be DISMISSED, WITHOUT PREJUDICE.

2. The dismissal of this case count as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 21st day of October, 2019.

_____
UNITED STATES MAGISTRATE JUDGE